# **<u>EXHIBIT I</u>**

Case 1:25-cv-00002-JPW    Document 5-8    Filed 02/04/25    Page 2 of 3

Liptak v. Accelerated Inventory Management, LLC, Not Reported in Fed. Supp. (2021)

2021 WL 650514
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Robert LIPTAK, individually and on behalf of all others similarly situated, Plaintiff,
v.
ACCELERATED INVENTORY MANAGEMENT, LLC; Oliphant Financial, LLC; and John Does 1-5, Defendants.

2:20-cv-967
|
Signed 02/19/2021

**Attorneys and Law Firms**

Eugene D. Frank, Law Offices of Eugene D. Frank, P.C., Kevin Abramowicz, Kevin W. Tucker, East End Trial Group, LLC, Pittsburgh, PA, for Plaintiff.

Brit J. Suttell, Barron & Newburger, P.C., Media, PA, for Defendants.

**OPINION AND ORDER OF THE COURT**

Marilyn J. Horan, United States District Judge

*1 Presently before this Court is a Motion to Compel Arbitration filed by Defendants Accelerated Inventory Management, LLC, Oliphant Financial, LLC, and John Does 1-5. (ECF No. 18). For the reasons discussed below, Defendants' Motion to Compel Arbitration will be GRANTED.

On or around May 2016, The Plaintiff, Mr. Robert Liptak, borrowed money from WebBank. (ECF No. 19 at 6). Mr. Liptak applied for his loan through the LendingClub Corporation's online lending platform. (ECF No. 19 at 6-7). To obtain the loan funds, borrowers are required to navigated past a webpage containing two "I Agree" buttons. (ECF No. 20 at 4). By clicking the first "I Agree" button on the webpage, the borrower electronically acknowledges the terms of the Borrower Agreement. (ECF No. 19 at 8). The Borrower Agreement was not visible on the webpage but was allegedly available by a green hyperlink. (ECF No. 20 at 4).

The Borrower Agreement contained an Arbitration Provision that states that "Either party to this Agreement, or any subsequent holder, may at its sole discretion, require that the sole and exclusive forum and remedy for resolution of a claim be final and binding Arbitration." (ECF No. 19 at 8).

On or about May 11, 2016, WebBank approved Mr. Liptak's loan application and disbursed the loan funds to Mr. Liptak. (ECF No. 19 at 7). Mr. Liptak made the initial payments on the loan but eventually ceased making payments. (ECF No. 19 at 7). Mr. Liptak now brings a class action lawsuit under the Fair Debt Collection Practices Act individually and on behalf of all other similarly situated Plaintiffs. (ECF No. 1-1 at 6).

Defendants argue that the Arbitration Provision in the Borrower Agreement compels Mr. Liptak to seek redress through arbitration. (ECF No. 19 at 8). Mr. Liptak argues on the other hand that the two "I Agree" buttons on the webpage created an ambiguity and that he does not remember consenting to the Arbitration Provision in the Borrower's Agreement. (ECF No. 20 at 4). Thus, Mr. Liptak seeks to avoid arbitration or to at least pursue limited discovery on the validity of the arbitration agreement. (ECF No. 20 at 3).

Dismissals based on a valid arbitration agreement are generally affected under either Rule 12(b)(6) or Rule 56. *Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44, 45 n.1 (3d Cir. 1991). When it is apparent based on the face of the complaint and the documents relied upon in the complaint, that a valid arbitration clause exists, a motion to compel arbitration should be considered under the Rule 12(b)(6) standard. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). "[I]f the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Id.* (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). Then, after limited discovery is conducted, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Guidotti*, 716 F.3d at 776.

**Liptak v. Accelerated Inventory Management, LLC, Not Reported in Fed. Supp. (2021)**

**\*2** The Federal Arbitration Act "protects the enforceability of written agreements to arbitrate disputes between contracting parties." *Defillipis v. Dell Fin. Servs.*, No. 3:14-CV-00115, 2014 WL 4198015, at \*3 (M.D. Pa. Aug. 22, 2014). In passing the Federal Arbitration Act, Congress created a strong national policy favoring arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). The Federal Arbitration Act "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The Court "must resolve 'any doubts concerning the scope of arbitrable issues ... in favor of arbitration.' " *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)).

The Arbitration Provision at issue in this case was contained within a clickwrap agreement to which the borrower must electronically assent to obtain the loan. "A clickwrap agreement appears on an internet webpage and requires that a user consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction." *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007). "Although the enforceability of web-based agreements will often depend on a 'fact-intensive inquiry,' the Court may determine that a web-based agreement to arbitrate exists where notice of the agreement was 'reasonably conspicuous and manifestation of assent unambiguous as a matter of law.' " *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 331 (W.D. Pa. 2020) (quoting *Meyer v. Uber Techs. Inc.*, 868 F.3d 66, 76 (2d Cir. 2017)). "[I]n assessing whether a party manifested an intent to enter a contract, the Court looks not to inward, subjective intent but, rather, to the "intent a reasonable person would apprehend in considering the parties' behavior." *HealthplanCRM*, 458 F. Supp. 3d at 331-32 (quoting *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009)). "[A]n internet user need not actually read the terms and conditions or click on a hyperlink that makes them available as long as she has notice of their existence." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 222 (2d Cir. 2016). "Whether the user actually reads the terms to which she assents is immaterial." *Zabokritsky v. Jetsmarter, Inc.*, 19-273, 2019 WL 2563738, \*3 (E.D. Pa. June 20, 2019). "And clickwrap agreements are routinely enforced by the courts." *HealthplanCRM*, 458 F. Supp. 3d at 334.

In this case, it is apparent on the face of the complaint and the documents relied upon in the complaint that a valid arbitration agreement exists. Thus, it should be evaluated under a 12(b)(6) standard. Mr. Liptak has not responded to the Defendants' Motion to Compel Arbitration with sufficient facts to place the agreement to arbitrate in issue. Thus, there is no need for limited discovery on the issue of whether the parties entered into a valid arbitration agreement.

This case involves an arbitration clause contained within a clickwrap agreement. Although Mr. Liptak has alleged in response to Defendants' Motion to Compel Arbitration that he does not remember reading the clickwrap agreement or assenting to arbitration, courts have generally held that parties are presumed to have read the agreements that they have sign. Mr. Liptak would not have been able to obtain the loan from WebBank if he did not select the "I Agree" button on the webpage. Mr. Liptak has not placed sufficient information in the record to question the validity of the arbitration clause. Thus, because clickwrap agreements are generally enforced by the courts and because of the strong federal policy favoring arbitration, the arbitration provision in the clickwrap agreement shall be enforced.

**\*3** The Defendants' Motion to Compel Arbitration is hereby GRANTED. This matter is hereby referred for individual arbitration, and the matter is STAYED pending the outcome of such proceedings.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 650514

---

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.