UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situation<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC<br><br>Defendant. | C.A. NO. 1:25-cv-00002-YK<br>Judge: Hon. Jennifer P. Wilson |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUOTEWIZARD.COM, LLC'S MOTION TO STAY DISCOVERY**

Defendant QuoteWizard.com, LLC ("QuoteWizard"), by and through its undersigned counsel, respectfully moves this Court for an order staying discovery pending the Court's ruling on QuoteWizard's Motion to Compel Arbitration (the "Pending Motion") pursuant to Federal Rule of Civil Procedure 26(c).

As set forth below, QuoteWizard submits that the Court should stay discovery in this proceeding because it believes the resolution of the Pending Motion may likely dispose of or substantially narrow the scope of claims in this action.

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Leon Weingrad ("Plaintiff") filed his complaint on January 2, 2025 ("Complaint"). *See* ECF 1. QuoteWizard files this motion contemporaneously with its motion to bifurcate discovery and motion to compel arbitration.

1

4917-8088-9366 v.2

Plaintiff brings this class action against QuoteWizard alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. However, discovery in this matter should be stayed because the Pending Motion filed by QuoteWizard is poised to resolve or substantially narrow the claims in this action.

Specifically, Plaintiff's claims are subject to a valid and binding arbitration agreement, requiring resolution in the American Arbitration Association ("AAA") as the only appropriate forum. Accordingly, QuoteWizard has moved to compel arbitration.

Good cause exists to stay discovery while this potentially dispositive Pending Motion is resolved. Plaintiff will face no harm or prejudice from such a stay, as the case remains in its early stages. In contrast, QuoteWizard would face significant and unnecessary burdens, expending substantial time and resources on discovery that may become entirely moot depending on the Court's ruling. Plaintiff has no urgent need for discovery, and proceeding without first resolving the Pending Motion would undermine judicial efficiency and needlessly increase litigation costs.

To prevent unnecessary burdens and expenses for both parties, QuoteWizard respectfully requests that the Court stay all discovery and pretrial deadlines until the Pending Motion is resolved.

## II.    QUESTION PRESENTED

**Question**: Should discovery be stayed pending the Court's ruling on QuoteWizard's Motion to Compel Arbitration?

*Suggested Answer: Yes.*

### III.  **LEGAL STANDARD**

It is within the inherent power of this Court to stay discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Merritt-Chapman & Scott Corp. v. Pennsylvania Tpk. Comm'n*, 387 F.2d 768, 773 (3d Cir. 1967). This power extends to controlling the timing and sequence of discovery. *See* Fed. R. Civ. P. 26(d)(1); *Homesite Ins. Co. of the Midwest v. Ewideh,* No. 1:22-CV-1664, 2023 WL 4471489, at *2 (M.D. Pa. July 11, 2023) ("We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery").[1] Under Fed.R.Civ.P.26(c), a court may grant a stay of discovery for "good cause shown." *See Rodriguez v. Long*, No. 3:CV-08-0765, 2009 WL 10678172, at *2 (M.D. Pa. Nov. 13, 2009)

The Court has broad discretion to stay discovery in a case while a dispositive motion is pending. *See Rodriguez,* 2009 WL 10678172, at *2 (granting motion to stay until the court decided the defendants' pending dispositive motions.); *Moore v. Mann*, No. 3:13-CV-2771, 2015 WL 7454749, at *2 (M.D. Pa. Nov. 24, 2015) ("A stay of discovery is appropriate pending resolution of a potentially dispositive motion

---

[1] All unpublished decisions are included as Exhibits A-P to this Motion.

3

where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.")

Trial courts have broad discretion in shaping the parameters of pretrial discovery, and an appellate court shall not interfere with the exercise of that discretion unless there is an abuse of discretion, "to find such abuse it is usually necessary to conclude that there has been an interference with a "substantial right,"…or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

## IV.   ARGUMENT

### A. The Court should Stay Discovery Until Resolution of the Pending Motion Because the Motion May Potentially Dispose of the Entire Case.

Courts frequently exercise their discretion to stay discovery where a pending motion may be dispositive of the case as a whole or where there is a pending motion to compel arbitration. *See Skalde v. Lemieux Grp., L.P.,* No. 3:20-CV-2039, 2021 WL 1812677, at *3 (M.D. Pa. May 6, 2021) (staying discovery until after the court resolves the pending motion to dismiss or compel arbitration); *Bernal v. Burnett,* 2010 WL 4792628, *2 (D. Colo. Nov. 18, 2010) (determining that a stay of discovery was appropriate pending a motion to compel arbitration related to a potential class-action lawsuit); *Max Software, Inc. v. Computer Assocs. Intern.,* 364 F.Supp.2d 1233, 1236-38 (D. Colo. 2005) (staying discovery pending a motion to dismiss and

to compel arbitration); *Waltrip v. Pilot Travel Centers LLC*, No. 2:21-CV-642 GBW/KRS, 2021 WL 6693841 (D.N.M. Dec. 14, 2021) (pendency of a motion to compel arbitration constitutes grounds for staying discovery); *Dicenzo*, 2016 WL 158505, at *2 (holding discovery in abeyance in view of the good cause created by pending motions to dismiss all claims); *See Rodriguez v. Long*, No. 3:CV-08-0765, 2009 WL 10678172, at *2 (M.D. Pa. Nov. 13, 2009) (granting motion to stay pending resolution of defendants' dispositive motions; *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JM, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery pending resolution of the defendant's motion to dismiss); *Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1 Asset-Backed-Certificates, Series 2005-1,* No. CV 3:21-11628-MGM, 2022 WL 2758474 at *3 (D. Mass July 14, 2022) (granting stay of discovery pending resolution of defendant's motion for judgment on the pleadings); *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188-MLW 2016 WL 11004353 at *2 (D. Mass. June 15, 2016) (staying discovery where a defendant had filed a motion to dismiss the entire complaint); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery.").

Indeed, courts across the country have held that a pending dispositive motion or motions to compel arbitration constitutes "good cause" to stay discovery. *See Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *2 (D. Colo.

Nov. 18, 2010) (finding failing to stay pending decision on motion to compel arbitration would cause the defendant to "suffer an undue burden by being subject to discovery at this time."); *Waltrip v. Pilot Travel Centers LLC,* No. 2:21-CV-642 GBW/KRS, 2021 WL 6693841, at *2 (D.N.M. Dec. 14, 2021)("the interests of judicial economy and preservation of the parties' time and resources, are served by staying discovery pending the resolution of a motion to compel arbitration."); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery.").

Here, QuoteWizard has filed the Pending Motion, which is potentially dispositive of the case. QuoteWizard filed the Pending Motion on the basis that Plaintiff entered into a valid and binding arbitration agreement that expressly governs the claims in this action. As outlined in QuoteWizard's Memorandum in Support of its Pending Motion, the agreement mandates arbitration under the AAA rules and delegates exclusive authority to the arbitrator to determine the agreement's

applicability and enforceability. Moreover, the arbitration agreement contained a valid class waiver, which Plaintiff expressly assented to when he accepted QuoteWizard's Terms of Use, making his class action allegations wholly inappropriate. Consequently, the AAA is the only appropriate forum with jurisdiction over Plaintiff's claims.

When a defendant raises a challenge to a court's jurisdiction, courts have broad discretion to defer pretrial discovery if the record suggests that discovery is unnecessary or unlikely to aid in establishing essential jurisdictional facts. *See Moore,* 2015 WL 7454749, at *2. Here, Plaintiff's claims fall squarely within the scope of the arbitration agreement, and no additional discovery is needed to resolve this threshold issue. Therefore, staying discovery pending the resolution of the Pending Motion is both appropriate and efficient.

Where, as here, QuoteWizard's Pending Motion is plainly meritorious and may be dispositive of the entire case, there is sufficient good cause to stay discovery pending resolution of the Pending Motion. *See Moore,* 2015 WL 7454749*; see also Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc* No. CV 15-14188-MLW, 2016 WL 11004353 at *2 (D. Mass. June 15, 2016)at *2 ("[I]t makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed.")

> **B. Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

Good cause exists for granting the instant motion to stay discovery because the Pending Motion is potentially dispositive of the entire case as to Plaintiff and/or the putative class members and can be decided absent additional discovery. Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule. *See Glunk v. Pennsylvania State Bd. of Med.*, No. 1:14-CV-659, 2015 WL 7294456, at *3 (M.D. Pa. Nov. 19, 2015) (finding a stay of discovery while dispositive motions are pending "does not result in manifest injustice"); *Fernsler v. Swatara Twp. Police Dep't,* No. 1:24-CV-1253, 2024 WL 4372307, at *2 (M.D. Pa. Oct. 2, 2024) ("a brief stay pending resolution of the dispositive motions will not prejudice the plaintiff."); *Channing Bete Co., Inc. v. Greenberg*, 3:19-CV-30032-MGM, 2021 WL 4398510, at *3 (D. Mass. Sept. 27, 2021) ("On balance, the possible prejudice to [plaintiff] of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss.")

The parties have not held a Rule 26(f) conference, no discovery has been served and no scheduling order is in place. Under these circumstances, this Court should not require QuoteWizard to participate in discovery concerning the substance of Plaintiff's Complaint pending its decision on the Pending Motion. This is particularly true in a putative class action as the burden on a class action defendant in responding to discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class

4917-8088-9366 v.2

actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every QuoteWizard call made during the class period. Because of this burden, the Court should stay discovery until it is determined which claims are properly before the Court. *See Channing Bete Co., Inc. v. Greenberg*, 3:19-CV-30032-MGM, 2021 WL 4398510 at *2 (D. Mass. Sept. 27, 2021)(staying discovery where defendant's burden in responding to discovery outweighed the risks associated with any delay that granting the stay may cause).

     Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when ruling on any of the Pending Motion could render those efforts a nullity. Where there is good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final does not *unreasonably* delay the litigation or prejudice Plaintiff. *See Fernsler,* 2024 WL 4372307, at *2 ("a brief stay pending resolution of the dispositive motions will not prejudice the plaintiff."). QuoteWizard's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiffs.

## V. CONCLUSION

For the foregoing reasons, QuoteWizard respectfully requests that the Court stay discovery until the Court rules on QuoteWizard's Pending Motion.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Elyse Cohen*
Elyse N. Cohen (PA Bar Id. No. 320787)
Elyse.Cohen@nelsonmullins.com
Kevin Polansky (*Pro Hac Vice* forthcoming)
kevin.polansky@nelsonmullins.com
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(610) 943-5354

*Counsel for Defendant QuoteWizard.com LLC*

Dated: February 4, 2025

10

4917-8088-9366 v.2

## CERTIFICATE OF CONCURRENCE

This Motion is made following the conference of counsel pursuant to L.R. 7-1, on February 3, 2025, via email where concurrence was denied by Plaintiff's counsel.

Dated: February 4, 2025  /s/ Elyse Cohen
Elyse Cohen

## CERTIFICATE OF WORD COUNT COMPLIANCE

This Motion complies with Local Rule 7.8(b), it contains 2,320 words.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 4, 2025  /s/ Elyse Cohen

4917-8088-9366 v.2