# Exhibit B

Case 1:25-cv-00002-JPW   Document 6-3   Filed 02/04/25   Page 2 of 5

Rodriguez v. Long, Not Reported in Fed. Supp. (2009)

2009 WL 10678172
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

## Bienvenido RODRIGUEZ, Jr., Plaintiff
v.
## Ronald LONG, et al., Defendants

CIVIL ACTION NO. 3:CV-08-0765
|
Signed 11/13/2009

**Attorneys and Law Firms**

Bienvenido Rodriguez, Jr., Huntingdon, PA, pro se.

Maria G. Macus, Chief Counsel's Office Pennsylvania Department of Corrections, Mechanicsburg, PA, Alan S. Gold, Gold & Robins, P.C., Jenkintown, PA, for Defendants.

**ORDER**

THOMAS M. BLEWITT, United States Magistrate Judge

**I. Background.**
***1** On September 11, 2009, Plaintiff, an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield"), filed an Amended Complaint essentially raising Eighth Amendment denial of proper medical care claims with respect to his hernia condition. (Doc. 50). Plaintiff named several Defendants in his amended pleading. Plaintiff's *in forma pauperis* Motion was previously granted. (Doc. 8).[1]

On September 10, 2009, Plaintiff filed a Motion to Compel Discovery (Doc. 55), arguing that Defendants should bear the cost to pay for the copies of his medical records which he had requested during discovery and which Corrections Defendants made available to Plaintiff. On October 15, 2009, the Court denied Plaintiff's Doc. 55 Motion. (Doc. 80). However, Plaintiff was still permitted to receive his medical records and to pay for any copies he wanted.

On October 23, 2009, Defendants Long and Price filed a Motion to Stay Discovery pending the Court's decision with respect to their Motion to Dismiss Plaintiff's Amended Complaint as against them, along with their support Brief. (Docs. 84 and 85). Plaintiff filed his opposition Brief on November 6, 2009. (Doc. 89).

Also pending before the Court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Corrections Defendants.[2] (Doc. 58). Further, on October 8, 2009, Corrections Defendants filed their own Motion to Stay Discovery until their Motion to Dismiss was decided by the Court. (Doc. 69). Even though the Motion to Stay Discovery of Corrections Defendants is not

Case 1:25-cv-00002-JPW    Document 6-3    Filed 02/04/25    Page 3 of 5

**Rodriguez v. Long, Not Reported in Fed. Supp. (2009)**

yet ripe for disposition, the Court will rule on it in the present Order since it is nearly identical to the ripe Motion to Stay of Defendants Long and Price.

Plaintiff has served both Corrections Defendants and Defendants Long and Price with interrogatories and requests for documents. Both sets of Defendants have now moved the Court to stay discovery while their Motions to Dismiss are pending before the Court.[3]

Based on the record, particularly the documents filed in connection with Plaintiff's Motion to Compel, Corrections Defendants have made available to Plaintiff his medical records, and they have indicated that he could review his medical records upon request. Also, Plaintiff had the option of getting copies of his records at his expense. (*See* a copy of Corrections Defendants' responses to Plaintiff's first request for documents, Doc. 76). Also, the record shows that Defendants Long and Price do not have possession or control over Plaintiff's medical records. None of the Defendants contend that Plaintiff's medical records are not relevant to his Eighth Amendment denial of proper medical care claims. Thus, Plaintiff's argument (Doc. 89, pp. 2-3) in his present opposition Brief that his requested discovery is relevant and that Defendants should be required to produce the documents he has requested is not in dispute. In fact, as stated, Corrections Defendants have properly made Plaintiff's medical records he requested in discovery available to him. As stated, the Court has ruled that Plaintiff must bear his own costs for copies of any of his records.

**\*2** The Motions to Stay Discovery filed by both groups of Defendants are basically Motions for a Protective Order under Rule 26(c) requesting that the Court stay discovery in this case until their dispositive motions are decided by the Court. The Court will grant the Motions to Stay filed by both groups of stated Defendants, and it will stay discovery in this matter for thirty (30) days after the Court decides their pending Motions to Dismiss.

The Court in *Norfolk Southern Ry. Co. v. Power Source Supply, Inc.*, 2007 WL 709312, \*1 (W. D. Pa.), stated:

> The Court possesses broad discretion to control the scope of discovery. *Semper v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at \*\* 6-7 (E.D. Pa. Mar. 9, 1993). However, Fed.R.Civ.P. 26(c) grants the Court "the power to enter a protective order on a showing of 'good cause' in order to protect a party from annoyance, embarrassment, oppression or undue burden or expense." *Worldcom Techs. Inc. v. Intelnet Int'l. Inc.*, No. 00-2284, 2002 U.S. Dist. LEXIS 15892, at \*\* 18-19 (E.D. Pa. Aug. 22, 2002). Although a motion to dismiss does not automatically constitute good cause, where it "may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediqu. Inc.*, No. 95-1831, 1995 U.S. Dist. LEXIS 5900, at \*5 (E.D. Pa. May 4, 1995).

*See also Levi v. Hogsten*, 2009 WL 2568179, Civil No. 07-1839, M.D. Pa. (February 2009 Order); *Brandon v. Nazorovich*, 2009 WL 891873, \*2 (W.D. Pa.).

In their Brief in support of Motion for Protective Order (Doc. 98, p. 4), Defendants Long and Price state that:

> If this Court grants the motion to dismiss of Dr. Long and Price to the amended complaint of Rodriguez both of these defendants will be dismissed from this action. The discovery requests submitted by Rodriguez will be rendered moot.

> No need exists for Dr. Long and Price to answer discovery and to produce documents in this early stage of the proceeding. Rodriguez suffers no prejudice by any delay in the pursuit of discovery in this case given the early stage in the proceedings.

Defendants Long and Price also point out that Plaintiff will not be prejudiced if the Court issues a protective order and stays discovery since they will respond to Plaintiff's discovery requests if their dispositive motion is denied. The Corrections Defendants' Motion to Stay Discovery raises similar arguments. Also, the Court finds that Defendants' Motions to Dismiss may dispose of the case as to them and that discovery is not needed to decide their Motions to Dismiss. (*See, e.g.*, Doc 67, pp. 6-11).

Plaintiff contends that Defendants' Motions for Protective Order should be denied since his discovery requests are relevant and essential to prove the allegations in his Amended Complaint Plaintiff states that the grievances and inmate requests slips

**Rodriguez v. Long, Not Reported in Fed. Supp. (2009)**

show that Defendants had direct knowledge that he was not receiving proper medical care for his condition. The Court notes that Plaintiff attached copies of some of his grievances to his original and Amended Complaints. (Docs. 1 and 50).

**\*3** Plaintiff indicates that responses to his discovery requests will be necessary to prove his Eighth Amendment claims. However, as Defendants point out, at this early stage of the case, the Court does not consider evidence when considering motions to dismiss to see if Plaintiff can prove his Eighth Amendment denial of proper medical care claims. Defendants' Motions to Dismiss contend that Plaintiff has failed to state cognizable Eighth Amendment claims against them.

Further, discovery should proceed except if "the right to relief under the dispositive motion is clear or there is some other good reason." *Norfolk Southern Ry. Co. v. Power Source Supply, Inc.*, 2007 WL 709312 at \*2 (citation omitted); *Levi v. Hogsten, supra.*

The Court finds that Defendants' pending dispositive motions do not relate to the factual matters for which Plaintiff seeks discovery from them. Further, the Court finds that if merit is found to Defendants' dispositive motions, Plaintiff's entire case may be dismissed as against these moving Defendants. Since Plaintiff does not require any facts which he has sought in his discovery requests that are necessary to resolve Defendants' dispositive motions, the Court finds that in the interests of fairness and judicial economy, discovery should be stayed until Defendants' dispositive motions are decided. The Court finds that Defendant' dispositive motions with respect to Plaintiff's constitutional claims against them is based on the allegations in Plaintiff's amended pleading and not on any matters outside of his pleading. Defendants' dispositive motions, as they relate to whether Plaintiff has states Eighth Amendment claims against them, do not require discovery to decide since they are based on Plaintiff's allegations.

The Court in *Williams v. Hull*, 2009 WL 1586832, \*2-\*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and as refined *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 LEd.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, ––– U.S. ––––, ––––, 129 S.Ct. 1937, ––––, ––– L.Ed.2d ––––, ––––, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) citing *Morse v. Lower Merion School Dist*, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 LEd.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> **\*4** In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at \*1 (D. Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

Moreover, there will be no prejudice to Plaintiff if discovery is stayed and Defendants' dispositive motions are denied, since Defendants will be required to respond to his discovery requests within thirty (30) days thereafter, if they have not already responded to them.

AND NOW, this **13**th day of November, 2009, IT IS HEREBY ORDERED THAT:

1. The Motion to Stay Discovery of Defendants Long and Price **(Doc. 84) is GRANTED.**

**Rodriguez v. Long, Not Reported in Fed. Supp. (2009)**

2. Corrections Defendants' Motion to Stay Discovery **(Doc. 69) is GRANTED.**

3. The responses of the stated Defendants to Plaintiff's Discovery Requests are stayed and shall be answered by Defendants, if necessary, thirty (30) days after the Court decides Defendants' pending dispositive motions. (Docs. 58 and 82).

**All Citations**

Not Reported in Fed. Supp., 2009 WL 10678172

Footnotes

[1]     This action was assigned to the undersigned for pre-trial matters on October 6, 2009. (Doc. 66).

[2]     Correction Defendants are Gerald Hartman, Victoria L. Koranic, James A. Eckard, Cindy G. Watson, Paul K. Smeal, and George Weaver. (Doc. 75, p. 2).

[3]     Plaintiff's opposition briefs to both Motions to Dismiss are due November 16, 2009.

**End of Document**                                              © 2025 Thomson Reuters. No claim to original U.S. Government Works.