# Exhibit C

Case 1:25-cv-00002-JPW   Document 6-4   Filed 02/04/25   Page 2 of 4

Moore v. Mann, Not Reported in Fed. Supp. (2015)

2015 WL 7454749
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Brian MOORE, Plaintiff,
v.
Angela MANN, et al., Defendant.

CIVIL NO. 3:13-CV-2771
|
Signed 11/24/2015

**Attorneys and Law Firms**

Brian C. Moore, Huntingdon, PA, pro se.

Maria G. Macus, Chief Counsel's Office, Mechanicsburg, PA, for Defendant.

**MEMORANDUM ORDER**

Martin C. Carlson, United States Magistrate Judge

*1 THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This prisoner civil rights cases comes before us on a series of motions. The plaintiff, Brian Moore, alleges that prison staff placed his life in danger in 2011 by discussing his case in front of other inmates. Moore has now filed three motions: (1) a motion to compel discovery (Doc. 65); (2) a motion to extend discovery dedalines (Doc. 70); and (3) a motion to compel the clerk to provide him with blank subpoenas. (Doc. 76.) The defendants, in turn, have filed a motion for summary judgment. (Doc. 71.)

Given this constellation of pleadings, for the reasons set forth below we will: (1) GRANT the motion for an extension of time in which to complete discovery, but (2) STAY further discovery pending resolution of the motion for summary judgment filed in this case; and (3) DENY the motion to compel the clerk to provide blank subpoenas to Moore without prejudice to renewal of that motion, if necessary, following resolution of the summary judgment motion.

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed

Case 1:25-cv-00002-JPW   Document 6-4   Filed 02/04/25   Page 3 of 4

Moore v. Mann, Not Reported in Fed. Supp. (2015)

by Rule 26(b)(2)(C).
Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*2 Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Here, we agree that it may be necessary depending upon the resolution of other outstanding legal issues in this case to extend the discovery deadlines previously set by the court. Therefore, Moore's motion to extend discovery deadlines, (Doc. 70), is PROVISIONALLY GRANTED and a new discovery deadline, if necessary will be set following resolution of the summary judgment motion filed in this case.

We also note that our broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending summary judgment motion. We reach this conclusion in accordance with settled case law, finding that:

**Moore v. Mann, Not Reported in Fed. Supp. (2015)**

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

**\*3** Finally, Moore has filed a motion seeking to compel the clerk to provide him with blank subpoenas. Moore has not identified the parties to be subpoenaed. Nor has he provided any proffer of relevance in support of his request to subpoena unnamed parties in order to secure unidentified material. This court has broad discretion in ruling upon pro se requests for subpoenas. Gay v. Petsock, 917 F.2d 768, 773 (3d Cir. 1990). In this case, Moore has not identified these witnesses to be subpoenaed. Nor has he provided any proffer of relevance. Further, given the pending, potentially dispositive motion, far-ranging discovery should be deferred. Accordingly, for all of these reasons, the plaintiff's motion to compel the clerk to provide blank subpoenas (Doc. 76), is DENIED.

An appropriate order follows:

**Order**

Accordingly, for the foregoing reasons:

    1. Moore's motion to extend discovery deadlines, (Doc. 70), is PROVISIONALLY GRANTED and a new discovery deadline, if necessary will be set following resolution of the summary judgment motion filed in this case

    2. The plaintiff's motion to compel the clerk to provide blank subpoenas (Doc. 76), is DENIED.

    3. Further discovery is STAYED pending the resolution of any dispositive motions.

    4. Pursuant to Local Rule 7.7 the plaintiff may respond to the pending summary judgment motion on or before **December 16, 2015.** The movants may file reply briefs on or before **December 30, 2015.**

So ordered this 24th day of November, 2015.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 7454749

---

**End of Document**      © 2025 Thomson Reuters. No claim to original U.S. Government Works.