# Exhibit H

2010 WL 1945739
Only the Westlaw citation is currently available.
United States District Court,
S.D. Indiana,
Indianapolis Division.

DILLINGER, L.L.C., Plaintiff,
v.
ELECTRONIC ARTS, INC., Defendant.

No. 1:09–cv–01236–SEB–JMS.
|
May 11, 2010.

**Attorneys and Law Firms**

Erin C. Nave, Jonathan G. Polak, Keirian Antares Brown, Taft Stettinius & Hollister LLP, Indianapolis, IN, for Plaintiff.

Craig Eldon Pinkus, Peyton Louis Berg, Ronald E. Elberger, Bose McKinney & Evans, LLP, Indianapolis, IN, Melissa J. Miksch, R. James Slaughter, Keker & Van Nest LLP, San Francisco, CA, for Defendant.

**ORDER**

JANE MAGNUS–STINSON, Magistrate Judge.

**\*1** Presently before the Court is Defendant Electronic Arts, Inc.'s (*"EA"*) Motion to Stay Discovery. [Dkt. 52.]

In this case involving claims of trademark infringement (and various other state-law causes of action), EA asks that the Court stay all discovery pending resolution of its motion to dismiss, [dkt. 23.] Among other things, EA's motion to dismiss argues that it has a valid First Amendment defense to all of Plaintiff Dillinger, L.L.C.'s (*"Dillinger"*) claims. [*Id.* at 14–24.]

Courts have considerable discretion in managing the timing of discovery. *See, e.g., Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *Brown–Bey v. United States,* 720 F.2d 467, 470 (7th Cir.1983). Courts have long exercised that discretion to stay discovery after a timely filed motion to dismiss. *E.g., In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D.Ill.2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. The mere filing of the motion does not automatically stay discovery .... But such stays are granted with substantial frequency." (citations omitted)). Following the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays issue with even greater frequency. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (quotation and citation omitted)).

**Dillinger, L.L.C. v. Electronic Arts, Inc., Not Reported in F.Supp.2d (2010)**

The Court concludes that the requested stay is appropriate here. Although Dillinger expresses confidence that it will ultimately prevail against EA's motion to dismiss, neither this motion nor this judge should address the merits of the parties' arguments made there. Significantly, Dillinger does not assert that any discovery is necessary to respond to the pending motion; it has already filed its response. [Dkt. 40.] Furthermore, any concern about a potential loss of evidence during the stay is significantly undercut by Dillinger's concession that the discovery it wants now "overwhelmingly constitutes business records kept in the ordinary course of business." [Dkt. 54 at 4.] And, because those records are kept in the ordinary course of business—EA doesn't contend otherwise, [*see* dkt. 55 at 6–7]—EA should be able to promptly produce the information if the motion to dismiss fails, minimizing any disruption from the stay. Finally, inasmuch as Dillinger professes to be "a small corporation that must pay litigation costs while its remedy remains at the mercy of an overburdened court," [dkt. 54 at 3], the Court agrees with EA that avoiding potentially unnecessary discovery costs—and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary—will not significantly prejudice Dillinger, and may indeed even operate to its benefit.

**\*2** Accordingly, the Motion to Stay Discovery is **GRANTED.** Absent further Court order, or written stipulation, the parties may not conduct discovery. The stay of discovery will automatically expire upon the entry of the Court's ruling on EA's pending motion to dismiss, [dkt. 23].

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1945739

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.