# Exhibit J

Case 1:25-cv-00002-JPW    Document 6-11    Filed 02/04/25    Page 2 of 4

Steward Health Care System LLC v. Southcoast Health..., Not Reported in Fed....

2016 WL 11004353
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.

STEWARD HEALTH CARE SYSTEM LLC, Plaintiff,
v.
SOUTHCOAST HEALTH SYSTEM, INC., Defendant,

Civil Action No. 15-14188-MLW
|
Signed 06/15/2016

**Attorneys and Law Firms**

Kenneth S. Leonetti, Jeremy W. Meisinger, Foley Hoag LLP, Boston, MA, for Plaintiff.

Thomas O. Bean, Verrill Dana LLP, Boston, MA, John W. Vanlonkhuyzen, Rachel M. Wertheimer, Verrill Dana, LLP, Portland, ME, for Defendant.

**ORDER ON PLAINTIFF'S MOTION TO STAY DISCOVERY AND/OR FOR A PROTECTIVE ORDER OR ORDER QUASHING A SUBPOENA**

[Dkt. No. 10]

JENNIFER C. BOAL, UNITED STATES MAGISTRATE JUDGE

*1 Plaintiff Steward Health Care System, LLC moves on an emergency basis to stay discovery and/or for a protective order or order quashing a deposition subpoena served on Steward's executive vice president. Dkt. No. 10. For the following reasons, Steward's motion for a stay and/or for a protective order is granted.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 21, 2015, Steward filed suit against Southcoast Health System, Inc. alleging antitrust and tort claims and seeking monetary damages and injunctive relief. Dkt. No. 1. On January 25, 2016, Southcoast moved to dismiss all four counts of Steward's complaint. Dkt. No. 7. On February 18, 2016, Southcoast served its initial disclosures as well as a notice of deposition on Steward for testimony from John Polanowicz, Steward's Executive Vice President for Network, Insurance, and Physician Operations. Dkt. No. 11-4. On February 22, 2016, Southcoast served a subpoena seeking documents and testimony from Mr. Polanowicz. Dkt. No. 11-5. Mr. Polanowicz's deposition was scheduled for March 1, 2016. Id. On February 26, 2016, Steward moved on an emergency basis, pursuant to Federal Rules of Civil Procedure 26 and 45, for an order staying discovery pending resolution of Southcoast's motion to dismiss and/or for a protective order or order enjoining

Steward Health Care System LLC v. Southcoast Health..., Not Reported in Fed....

the subpoena of Mr. Polanowicz. Dkt. No. 10. Southcoast opposed the motion on February 29, 2016.[2] Dkt. No. 12. The Court heard oral argument on June 14, 2016.

## II. DISCUSSION

Courts may issue protective orders when appropriate. Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990) (citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ). The party seeking a protective order has the burden of demonstrating good cause. Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010).

Trial courts have broad discretion in shaping the parameters of pretrial discovery. Aponte-Torres v. Univ. Of Puerto Rico, 445 F.3d 50, 59 (1st Cir. 2006). Indeed, federal courts have inherent discretionary authority to stay a civil action for prudential reasons. Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77 (1st Cir. 2004); see also Aponte-Torres, 445 F.3d at 59 (affirming a district court's stay of discovery where the matters disclosed by further discovery would have been irrelevant to the court's ruling on the dispositive motion).

**\*2** Here, Steward has met its burden of demonstrating good cause for a protective order. Southcoast has filed a motion to dismiss the entire complaint, and it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed. Southcoast argues that discovery is urgent because it is losing patient volume and revenue due to market competition from Steward. Southcoast has failed, however, to explain how expedited discovery—or even resolution of the instant case—would remedy that loss.[3] Accordingly, the Court finds that where, as here, the plaintiff has shown good cause for a protective order and final resolution of the pending motion to dismiss will define the scope of discovery, a stay of discovery is appropriate.

## III. ORDER

For the reasons stated above, Steward's motion to stay discovery and/or for a protective order in this case is granted. Discovery is stayed pending final resolution of the motion to dismiss by the District Judge assigned to this case.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 11004353

Footnotes

[1]  The District Court referred this case to the undersigned Magistrate Judge for full pretrial proceedings on March 1, 2016. Dkt. No. 13.

[2]  Steward also advised Southcoast in writing that Mr. Polanowicz would not appear for his deposition on March 1, 2016. Dkt. No. 12 at 2. Accordingly, at least from Steward's perspective, the "emergency" basis for Steward's motion had dissipated on March 1, 2016, when the subject motion was referred to the undersigned Magistrate Judge.

**Steward Health Care System LLC v. Southcoast Health..., Not Reported in Fed....**

3       There exists a parallel state court action in which there is potential for relief that could impact Southcoast's market share.

---

**End of Document**                                   © 2025 Thomson Reuters. No claim to original U.S. Government Works.