# Exhibit L

2010 WL 4792628
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Krystle BERNAL, and Amanda Krol, on behalf of themselves and all similarly situated individuals, Plaintiffs,
v.
George BURNETT, an individual, William Ojile, an individual, Alta Colleges, Inc., a Delaware corporation, Westwood College, Inc., a Colorado corporation, Trav Corporation, a Colorado corporation d/b/a Westwood College and Westwood College Online, Grant Corporation, a Colorado corporation d/b/a Westwood College, Wesgray Corporation, a Colorado corporation d/b/a Westwood College, El Nell, Inc., a Colorado corporation d/b/a Westwood College, Paris Management Company, a Delaware corporation d/b/a Redstone College, Elbert, Inc., a Colorado corporation d/b/a Westwood College, and Bounty Island Corporation, a Delaware corporation formerly d/b/a Redstone College, Defendants.

Civil Action No. 10–cv–01917–PAB–KMT.
|
Nov. 18, 2010.

**Attorneys and Law Firms**

Alan Charles Friedberg, Timothy Michael Kratz, Pendleton, Friedberg, Wilson & Hennessey, P.C., Denver, CO, John Allen Yanchunis, Jonathan Betten Cohen, Sean Estes, James Hoyer Newcomer Smiljanich & Yanchunis, P.A., Tampa, FL, for Plaintiffs.

Peter W. Homer, Homer Booner P.A., Miami, FL, William J. Leone, Faegre & Benson, LLP, Denver, CO, for Defendants.

**ORDER**

KATHLEEN M. TAFOYA, United States Magistrate Judge.

***1** This matter is before the court on the "Defendants' Motion to Stay Order Permitting Discovery Pending Appeal to the District Court" (Doc. No. 43, filed November 12, 2010).

In their original Motion to Stay this case pending resolution of Defendants' Motion to Compel Arbitration, the defendants primarily argued that the case should be stayed pending ruling on the Motion to Compel Arbitration. This court denied that motion, finding that a stay was inappropriate because of the likelihood that older documents or information may be edited or destroyed, because defendants did not suggest any undue burden in proceeding with the case, and because Plaintiffs contend that they did not knowingly or willingly agree to arbitrate any of their claims.

On November 12, 2010, the parties submitted their Joint Proposed Scheduling Order (Doc No. 42), in which the defendants elaborated on their reasons for requesting a stay. Thereafter, this court revisited the Motion to Stay, the proposed Scheduling

Bernal v. Burnett, Not Reported in F.Supp.2d (2010)

Order, the Complaint, the Motion to Compel Arbitration, and the present motion to stay pending an appeal of this court's ruling. For the reasons set forth below, this Court's Order (Doc. No. 41) denying "Defendants' Motion to Stay Discovery and Pretrial Proceedings Pending Resolution of Defendants' Motion to Compel Individual Arbitration" is vacated, and a stay is granted.

A stay of discovery is generally disfavored in this district. See *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D.Colo. Mar. 2, 2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The court weighs several factors when evaluating the propriety of a stay. See *String Cheese Incident, LLC v. Stylus Show, Inc.,* No. 02–cv–01934–LTB–PA, 2006 WL 894955, at * 2 (D.Colo. Mar. 30, 2006) (describing five-part test). The court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.*

Plaintiffs filed their putative class action complaint on August 11, 2010, alleging Defendants have engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo.Rev.Stat. § 6–1–105. In the proposed Scheduling Order, the plaintiffs propose filing their motion for class certification in April 2011. Defendants believe the Court first must resolve the pending Motion to Compel Arbitration.

Plaintiffs oppose a stay and express an interest in proceeding expeditiously with his case due to the likelihood that "older documents or information may be edited or destroyed" because of changes in Defendants' enrollment processes. Plaintiffs assert that the more time that passes, the less likely Plaintiffs will have complete access to information on which entire portions of their case may hinge. The court finds Plaintiffs' position reasonable. However, Defendants argue in the present motion that the School's document retention policies relating to this case go back well before Plaintiffs filed this case. Defendants argue that Plaintiffs filed a putative American Arbitration Association (AAA) class arbitration against the school in May 2009 and that at that time the School instituted a document hold on all potentially relevant documents reasonably related to the claims related therein—the same claims, Defendants content, that the putative class plaintiffs now assert again. In December 2009, the School advised Plaintiffs' counsel that a document hold had been put in place, and the School has enforced the document hold since that time, preserving all documents and information reasonably related to the claims asserted. Defendants also argue that, to the extent Plaintiffs are concerned with how the passage of time might impact the recollection of witnesses, Plaintiffs themselves have delayed the process "with requests for unnecessary evidentiary hearings and re-argument of issues the Arbitrator ruled on in the School's favor in the prior AAA action." The court is persuaded that Plaintiffs' ability to litigate their case is not likely to be irreparably harmed by a stay, especially due to the temporary nature of the stay requested. See *Namoko v. Milgard Mfg., Inc.,* No. 06–cv–02031–WDM–MEH, 2007 WL 1063564, at *2 (D. Colo. April 6, 2007) (finding no undue prejudice to plaintiff where stay does not "hinder ... future ability to fully engage in discovery"). Though Plaintiffs do have an interest in proceeding expeditiously, their general interest is not sufficient to overcome other factors that weigh in favor of a stay.

**\*2** Defendants contend that the putative class plaintiffs are bound by an arbitration award issued on July 16, 2010, in which the arbitrator found, in part, that there was no agreement to class arbitration. Therefore, if the District Court determines the arbitration agreements prohibit class actions and orders individual arbitration, substantial portions of class action discovery may ultimately be useless and a waste of the parties' time and resources. See *Schmaltz v. Smithkline Beecham Corp.,* No. 08–cv–00119–WDM–MEH, 2008 WL 3845260, at *1–2 (D.Colo. Aug. 15, 2008) (staying discovery only as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant"). As such, though the ordinary burdens associated with litigating a case do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC,* 08–cv–1709–REB–KLM, 2008 WL 4457850, at *1 (D.Colo. Oct. 1, 2008), completing discovery related to a potential class action would impose on Defendants more than the ordinary burdens of litigation.

In their Motion to Compel Arbitration, Defendants also argue that Plaintiffs' claims are barred by claim and issue preclusion. "Although *res judicata* and collateral estoppel usually attach to arbitration awards, they do so (if they do so) as a matter of contract rather than as a matter of law. The preclusive effect of the award is as much a creature of the arbitration contract as any other aspect of the legal-dispute machinery established by such a contract." *IDS Life Ins. Co. v. Royal Alliance Assoc., Inc.,* 266 F.3d 645, 651 (7th Cir.2001) (citations omitted). Whether issue preclusion prevents Plaintiffs from bringing their case in this forum is not before this court. However, it is possible the District Court will determine that Plaintiffs' claims are precluded by the previous arbitration decision. In that event, the School would suffer an undue burden by being subjected to discovery at this time.

Finally, in considering its own convenience, the interest of non-parties, and the public interest in general, the court finds the factors weigh in favor of a stay. Should the the Motion to Compel Arbitration be granted, this Court will have expended resources managing a complex class-action suit unnecessarily, significantly wasting judicial resources. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors,* 357 F.Supp.2d 1277, 1280 (D.Colo.2004) (citing interest of judicial economy as reason to grant stay pending decision on motion to compel arbitration). The parties do not identify any non-parties as having an interest in this matter, and the general public interest weighs in favor of a stay. "There is a strong federal policy favoring arbitration for dispute resolution." *Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.,* 176 F.Supp.2d 1091, 1095 (D.Colo.2001). A court may impose a stay, as "[t]he decision to ... stay discovery rests within the sound discretion of the trial court." *Benge v. Pounds,* 2008 WL 163038, at *1 (D.Colo. Jan. 14, 2008) (citing *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir.1990)). The court, exercising that discretion, finds that a stay is appropriate, pending ruling by the District Court on the Motion to Compel Arbitration.

**\*3** Therefore, it is

**ORDERED** that

This court's Order (Doc. No. 41) denying Defendants' Motion to Stay Discovery and Pretrial Proceedings Pending Resolution of Defendants' Motion to Compel Individual Arbitration is VACATED. This case is stayed, pending ruling on the Motion to Compel Arbitration. The parties shall file a status report within ten days of the District Court's ruling to advise whether a scheduling conference should be set. It is further

**ORDERED** that

"Defendants' Motion to Stay Order Permitting Discovery Pending Appeal to the District Court" (Doc. No. 43) is DENIED as moot.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4792628

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.