# Exhibit M

Waltrip v. Pilot Travel Centers LLC, Not Reported in Fed. Supp. (2021)

2021 WL 6693841
Only the Westlaw citation is currently available.
United States District Court, D. New Mexico.

Juston WALTRIP, et al., Plaintiffs,
v.
PILOT TRAVEL CENTERS LLC and Pilot Corporation, Defendants.

No. 2:21-cv-642 GBW/KRS
|
Filed 12/14/2021

### Attorneys and Law Firms

Benjamin Allen, Wallace & Allen, LLP, Houston, TX, for Plaintiffs Juston Waltrip, Jonathan Winckler, Sergio Olivas, Melvin Sanchez, Matthew Hull, Joseph Carroll, Nathaniel Cooley, Candelario Cordero-Jaime, Anthony Delzotto, Jeremiah Heisey, Daniel Madrid, Javier Martinez, Carlos Moreno, Manuel Moreno, Edward Ogier, Andres Rocha, Carlos Pina Salazar, McKannin Young.

Brian Andrews, Pro Se.

Rafael Garcia, Pro Se.

Christopher Tabory, Pro Se.

Alan Rupe, Lewis Brisbois Bisgaard & Smith, Wichita, KS, Jessica D. Marshall, Lewis Brisbois Bisgaard & Smith, Albuquerque, NM, Thomas Cortazzo, Lewis Brisbois Bisgaard & Smith LLP, New Orleans, LA, for Defendant Pilot Travel Centers, LLC.

Jessica D. Marshall, Lewis Brisbois Bisgaard & Smith, Albuquerque, NM, for Defendant Pilot Corporation.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND FINDING AS MOOT DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY

KEVIN R. SWEAZEA, UNITED STATES MAGISTRATE JUDGE

**\*1** THIS MATTER is before the Court on Defendants' Motion to Stay Discovery, (Doc. 28), filed November 4, 2021. Defendants ask the Court to stay discovery pending a ruling on their Motion to Compel Arbitration, Motion to Enforce Class Action Waiver, and Motion to Dismiss, (Doc. 27). Plaintiffs filed a response to the Motion to Stay Discovery on November 18, 2021, and Defendants filed a reply on December 2, 2021. (Docs. 35 and 41). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Stay Discovery. Because discovery will be stayed in this case, the Court finds as moot Defendants' Motion to Extend Time to Respond to Discovery, (Doc. 46).

Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). On October 18, 2021, the Court held a Rule 16 Initial Scheduling Conference, approved the parties' Joint

Status Report and Provisional Discovery Plan, and entered a Scheduling Order setting forth pretrial deadlines. (Doc. 25). In their Motion to Stay Discovery, Defendants assert that their Motion to Compel Arbitration will dispose of this case in this Court in its entirety, so a stay of discovery will conserve the parties' resources and prevent litigation expenses during the time the Court considers the Motion to Compel Arbitration. (Doc. 28) at 3. Defendants state they will be prejudiced if discovery is not stayed because they "will incur the expense of responding to broad, invasive discovery" while there is a pending motion to compel arbitration or dismiss the case outright. *Id.* They state that without a stay of discovery, they will be required to respond to discovery both here and in arbitration and to respond to discovery that Plaintiffs' would not be entitled to in arbitration. *Id.* at 3-4.

Plaintiffs oppose a stay of discovery because they seek information that is relevant to the issue of arbitrability, which is an issue before the Court in the Motion to Compel Arbitration. (Doc. 35) at 2-4. Plaintiffs state that, if the Court finds that fact issues preclude outright denial of Defendants' Motion to Compel Arbitration, then the parties should be allowed to conduct discovery as to the issue of arbitrability. *Id.* at 4-5. Plaintiffs also note that, if the Motion to Compel Arbitration is granted and the case proceeds in arbitration, any discovery pursued at this time may still be useful to the parties. *Id.* at 4, n.1.[1] In reply, Defendants argue that Plaintiffs have not demonstrated that they require discovery to respond to the Motion to Compel Arbitration because they have already filed their response to that motion. (Doc. 41) at 2. Defendants maintain that allowing discovery to proceed at this time may lead to unnecessary expense if this case is dismissed or if arbitration is compelled. *Id.* at 2-3.

**\*2** The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Further, Rule 26(c) and (d) of the Federal Rules of Civil procedure permit the Court to control the sequence and timing of discovery to prevent undue burden and expense, among other considerations. *See* Fed. R. Civ. P. 26(c)(1) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). In determining whether to exercise its discretion to stay discovery, it is appropriate for the Court to consider and weigh the competing interests of the parties and whether a stay is in the interest of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999).

As grounds for staying discovery in this matter, Defendants rely primarily on the pendency of their motion to compel arbitration. (Doc. 28) at 3-5. The Federal Arbitration Act provides for a stay of trial proceedings related to matters that are "referable to arbitration." 9 U.S.C. § 3. Although the issue whether this matter is "referable to arbitration" has yet to be resolved, if Plaintiffs' claims are ordered to arbitration, matters related to discovery will be within the purview of the arbitrator, pursuant to the terms of the parties' arbitration agreements. *See* Hires Parts Serv., Inc. v. NCR Corp., 859 F.Supp. 349, 353 (N.D. Ind. 1994) ("[A] district court should not usually permit court-supervised discovery in a case that is to be arbitrated, in order to prevent 'dual discovery' that would occur as a result of 9 U.S.C. § 7 which ... authorizes discovery in arbitration proceedings."). Accordingly, if discovery in this matter is stayed pending resolution of the Motion to Compel Arbitration, the parties will not unnecessarily expend time and resources litigating pursuant to a discovery plan that may ultimately be set aside in favor of the discovery process outlined in the arbitration agreements or established by an arbitrator.

Although Plaintiffs oppose a stay of discovery, Plaintiffs do not establish that they will suffer prejudice if a stay is entered. Plaintiffs' assertion that they need to pursue discovery to respond to Defendants' Motion to Compel Arbitration is belied by the fact that they have already filed a response to that motion and did not ask to delay their response to pursue discovery. *See* (Doc. 37). Plaintiffs also do not specify what discovery is necessary to respond to Defendants' Motion to Compel Arbitration. Moreover, while Plaintiffs are correct that the discovery in this case may overlap with discovery in the arbitration process, Plaintiffs fail to explain how they would be prejudiced if the discovery process is delayed until the Motion to Compel Arbitration is ruled on. The Court does not find that Plaintiff's reasons for opposing a stay of discovery are persuasive.

In addition, several courts have found that the pendency of a motion to compel arbitration constitutes grounds for staying discovery. *See* Max Software, Inc. v. Computer Assocs. Intern., 364 F.Supp.2d 1233, 1236-38 (D. Colo. 2005) (staying discovery pending a motion to dismiss and to compel arbitration); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors, 357 F.Supp.2d 1277, 1277-78, 1280 (D. Colo. 2004) (finding good cause to grant a requested stay of discovery pending resolution of the "threshold issues" of the scope and applicability of an arbitration clause); Bernal v. Burnett, 2010 WL 4792628, \*2 (D. Colo. Nov. 18, 2010) (unpublished) (determining that a stay of discovery was appropriate pending a motion to compel arbitration related to a potential class-action lawsuit). As reflected by these decisions, the interests of judicial economy and

preservation of the parties' time and resources, are served by staying discovery pending the resolution of a motion to compel arbitration. *See Merrill Lynch, Pierce, Fenner & Smith Inc.*, 357 F.Supp.2d at 1280 (observing that a stay of discovery served the interest of judicial economy); *Bernal,* 2010 WL 4792628 at *2 (holding that a stay of discovery was warranted to preserve the parties' and the court's resources). The Court is persuaded that a stay of discovery is warranted here for the same reasons.

**\*3** IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery, (Doc. 28), GRANTED and discovery in this case is STAYED pending a ruling on Defendants' Motion to Compel Arbitration, Motion to Enforce Class Action Waiver, and Motion to Dismiss, (Doc. 27).

IT IS FURTHER ORDERED that Defendants' Motion to Extend Time to Respond to Discovery, (Doc. 46), is MOOT since discovery is stayed in this case. If Defendants' Motion to Compel Arbitration is denied, Defendants' responses to Plaintiffs' discovery requests are due **within thirty days** after entry of that ruling.

IT IS SO ORDERED.


**All Citations**

Not Reported in Fed. Supp., 2021 WL 6693841

Footnotes

[1]    Plaintiffs also ask the Court for a jury trial on the issue of arbitrability. (Doc. 35) at 5. The Court does not consider this request as it was raised in a response brief to a motion, which is not the proper procedure to seek relief from the Court.

---

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.