# Exhibit N

Glunk v. Pennsylvania State Board of Medicine, Not Reported in Fed. Supp. (2015)

2015 WL 7294456
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

# Richard P. GLUNK, Md, Plaintiff,
v.
# PENNSYLVANIA STATE BOARD OF MEDICINE, et al., Defendants.

CIVIL NO. 1:14-CV-659
|
11/19/2015

**Attorneys and Law Firms**

Richard P. Glunk, Malvern, PA, pro se.

Sharon K. Rogers, Timothy P. Keating, Office of Attorney General, Harrisburg, PA, for Defendants.

## MEMORANDUM ORDER

Martin C. Carlson, United States Magistrate Judge

**\*1 THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter comes before us on a motion to reconsider filed by the plaintiff, which seeks reconsideration of an aspect of an October 30, 2015, order we entered disposing of a host of motions. For the reasons set forth below, we will deny this motion, without prejudice to renewal of this question at some future date.

The background of this dispute is as follows: The plaintiff, who is proceeding *pro se,* is a doctor who was administratively prosecuted by the State Board of Medicine in connection with the death of one of his patients. In February 2009 the Board held that the Commonwealth failed to prove plaintiff was guilty of unprofessional misconduct concerning the patient's death. In September 2009 the Commonwealth filed another Order to Show Cause against plaintiff charging that he was subject to disciplinary action based on claims that he tried to bribe a member of the Board in connection with the prior Board adjudication. After a full hearing, plaintiff was found guilty of misconduct and had his license suspended for 60 days. Plaintiff appealed that decision to the Pennsylvania State Supreme Court which upheld the decision to suspend his license.

This civil lawsuit then ensued. Glunk filed an amended complaint on April 6, 2015. (Doc. 23.) The defendants then filed a battery of motions to dismiss claims and parties from that complaint. (Docs. 43, 45, and 47.) The defendants also sought to stay discovery until these preliminary legal objections were resolved. (Doc. 49.)

Glunk responded to these filings by submitting another amended complaint to the Court, an amended complaint which purported to address the legal deficiencies cited by the defendants. (Doc. 52.) Glunk neglected to seek the leave of court prior to filing this pleading, inspiring a motion by the defendants to strike this amended complaint. (Doc. 53.) Glunk then responded to this motion to strike by filing his own motion for leave to file another amended complaint, (Doc. 56.), which the

defendants opposed. Presented with this welter of pleadings, and in order to establish an orderly process to this litigation, we entered the following orders:

First, since Glunk's failed to seek leave of court as required by the Rules of this Court prior to filing the amended complaint docketed at Doc. 52, the motion to strike this amended complaint was GRANTED. (Doc. 53.)

Second, since Glunk subsequently properly moved to amend his complaint, and recognizing that leave to amend should be liberally given "when justice so requires." Fed. R. Civ. P. 15(a)(2), Glunk's motion for leave to amend (Doc. 56.) was GRANTED, and the clerk was directed to file the proposed amended complaint tendered by the plaintiff as Docs. 55-2 and 55-3, as the second amended complaint in this matter.

Third, since, as a matter of law, an amended complaint takes the place of the prior complaint, effectively invalidating any prior complaint; Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."), and any motion to dismiss challenging that prior complaint was now moot and we dismissed the motions to dismiss the plaintiff's prior complaint (Docs. 43, 45, and 47.) as moot.

**\*2** Finally, we noted that the defendants had moved to stay discovery pending resolution of these preliminary legal objections to Glunk's complaint, and we granted this motion to stay.

It is this stay order which Glunk asks us reconsider. The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration...is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.(citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here we conclude that reconsideration of our stay order is not necessary. We possess broad discretion over discovery matters, discretion which extends to decisions relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005);

Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

**\*3** Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at \*1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at \*2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at \*2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we continue to believe that a brief stay of discovery is appropriate until the court has had an opportunity to address preliminary dispositive motions we conclude that a brief stay does not result in manifest injustice, the legal standard which applies to a motion to reconsider, this motion to reconsider is denied, without prejudice to pursuit of discovery, if appropriate, once motions to dismiss have been addressed by the Court.

## Order

Accordingly, for the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Reconsider (Doc. 67.), is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 7294456

**End of Document**                                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.