# Exhibit O

Fernsler v. Swatara Township Police Department, Slip Copy (2024)

2024 WL 4372307
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Michael FERNSLER, Plaintiff,
v.
SWATARA TOWNSHIP POLICE DEPARTMENT, et al., Defendants.

Civil No. 1:24-CV-1253
|
Signed October 2, 2024

**Attorneys and Law Firms**

Michael Fernsler, Coal Township, PA, Pro Se.

Anthony R. Sherr, Sherr Law Group, LLC, Norristown, PA, for Defendants Swatara Township Police Department, Darrell Reider, Timothy Shatto.

Scott P. Stedjan, Killian & Gephart, LLP, Harrisburg, PA, for Defendant Robert Daniels.

Coryn D. Hubbert, Donald L. Carmelite, Marshall Dennehey, P.C., Camp Hill, PA, for Defendant Deanna Muller.

Benjamin P. Novak, Gregory S. Hirtzel, Fowler, Hirtzel, McNulty & Spaulding, LLP, Lancaster, PA, for Defendant Gerry Cassel.

**MEMORANDUM AND ORDER**

Daryl F. Bloom, Chief United States Magistrate Judge

**I. Introduction**

**\*1** Pending before the court are several discovery motions and motions for default judgment filed by the plaintiff (Docs. 24, 35-37, 40, 42), as well as a motion to stay discovery filed by one of the defendants. (Doc. 38). For the following reasons, we will grant the motion to stay discovery, and the plaintiff's motions will be denied.

**II. Discussion**

This is a civil action initially filed in the Court of Common Pleas of Dauphin County and removed to this Court. (Doc. 1).

The plaintiff, Michael Fernsler, is a state inmate incarcerated in the Pennsylvania Department of Corrections ("DOC"). He filed this action in county court against the defendants, asserting claims of civil rights violations pursuant to 42. U.S.C. § 1983.

The case was removed to this Court (Doc. 1), and Fernsler filed an amended complaint. (Doc. 21).[1] The amended complaint alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as violations of the Pennsylvania Constitution and state law defamation claims arising from his state criminal convictions for Involuntary Deviate Sexual Intercourse with a Child and other related crimes. *See Commonwealth v. Fernsler*, CP-22-CR-0002173-2006.[2] All but one of the defendants have filed motions to dismiss the amended complaint. (Docs. 27, 29, 31, 33). For his part, Fernsler has filed various motions seeking discovery from the defendants, as well as two identical motions for default judgment. (Docs. 24, 35-37, 40, 42). Additionally, Defendant Cassel has filed a motion to stay discovery until the pending motions to dismiss are resolved. (Doc. 38).

We first address the defendant's motion to stay discovery. In determining whether a stay of discovery is appropriate, courts typically consider the following factors:

> (1) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party"; (2) "whether denial of the stay would create a clear case of hardship or inequity for the moving party"; (3) "whether a stay would simplify the issues and the trial of the case"; and (4) "whether discovery is complete and/or a trial date has been set."

*Clarity Sports International LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (quoting *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotation marks and citations omitted)). A decision to stay discovery lies within the broad discretion of the Court, given "the [C]ourt's 'inherent power to conserve judicial resources by controlling its own docket.' " *Id.* (quoting *Peschke Map Techs., LLC v. J.J. Gumberg Co.*, 40 F. Supp. 3d 393, 395-96 (D. Del. 2014) (internal quotation marks omitted)).

**\*2** While the filing of a dispositive motion does not automatically entitle the defendants to a stay, "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (collecting cases). Additionally, "a stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (citation and internal quotation marks omitted).

Here, we find that these factors weigh in favor of staying discovery in this matter until the pending motions to dismiss are resolved. The amended complaint was filed on September 6, 2024, and the motions to dismiss were filed shortly thereafter. All of the pending motions move, in part, to dismiss this action on statute-of-limitations grounds. Thus, we conclude that a stay is appropriate because, not only has discovery not yet begun at this early stage, but resolution of these pending motions is likely to reduce or eliminate the need for discovery if the motions are granted. *See e.g.*, *North American Communications, Inc. v. InfoPrint Solutions Co., LLC*, 2011 WL 4571727, at \*3-4 (W.D. Pa. July 13, 2011); *McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856, at \*2 (E.D. Pa. Oct. 15, 2008). This is so particularly given the statute of limitations arguments raised by the defendants. We further conclude that a brief stay pending resolution of the dispositive motions will not prejudice the plaintiff. *See Baquero v. Mendoza*, 2019 WL 13250988, at \* n.3 (D.N.J. March 13, 2019) (finding that a stay of discovery after the "case only recently commenced" would not prejudice the plaintiff and, rather, "would simplify issues for discovery because a ruling on the pending motion to dismiss may streamline the scope of discovery.")

Because we have determined that a stay of discovery would be appropriate in this case, it follows that the plaintiffs' pending motions to compel discovery (Docs. 24, 35-37) must be denied. However, these motions will be denied without prejudice to the plaintiff refiling any appropriate motions after the resolution of the pending motions to dismiss.

Finally, we address Fernsler's motions for default judgment. (Docs. 40, 42). These motions appear to request a default judgment against many of the defendants who have filed motions to dismiss, arguing that "no answer or other defense has been filed by the defendants[.]" (Doc. 40 at 1; Doc. 42 at 1). At the outset, we note for the plaintiff that prior to moving for a default judgment, there must be an entry of default against the defendants. *See* Fed. R. Civ. P. 55(a); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (internal citation and quotation marks omitted). While Fernsler's motions contend that "default was entered in the civil docket of the office of

this clerk on the 4th day of August, 2024[,]" the docket shows no such entry of default by the clerk.

More fundamentally, however, an entry of default or a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Here, with the exception of Defendant Dauphin County Court, all of the defendants have filed motions to dismiss the amended complaint. Accordingly, as to these defendants, Fernsler has no basis to request an entry of default or default judgment.

**\*3** With respect to Defendant Dauphin County Court, no appearance has been entered on behalf of this defendant, despite service of the Notice of Removal of this action by Defendant Cassel. (*See* Doc. 1 at 6). Accordingly, as to Defendant Dauphin County Court, we will order this defendant to show cause as to why a default should not be entered against it in this matter pursuant to Federal Rule of Civil Procedure 55(a).

### III. Order

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Cassel's motion to stay discovery (Doc. 38) is GRANTED, and discovery will be stayed pending the resolution of the motions to dismiss;

2. Fernsler's motions to compel discovery and for miscellaneous relief (Docs. 24, 35-37) are DENIED without prejudice to Fernsler filing appropriate discovery motions following the resolution of the pending motions to dismiss;

3. Fernsler's motions for default judgment (Docs. 40, 42) are DENIED;

4. Defendant Dauphin County Court is ordered to show cause **on or before October 11, 2024,** as to why a default should not be entered against it in this matter pursuant to Federal Rule of Civil Procedure 55(a); and

5. Fernsler's request for an extension of time to respond to the pending motions to dismiss (Doc. 43) is GRANTED, and the plaintiff shall respond to these motions **on or before October 21, 2024**.

SO ORDERED, this 2nd day of October 2024.

**All Citations**

Slip Copy, 2024 WL 4372307

Footnotes

| | |
|---|---|
| 1 | The plaintiff obtained leave of court to file an amended complaint, but subsequently, filed a second amended complaint without leave of court or consent of the parties. Accordingly, his second amended complaint (Doc. 25) will be stricken. Fed. R. Civ. P. 15(a)(2). |
| 2 | A review of the state court docket indicates that in 2008, Fernsler pleaded guilty to Involuntary Deviate Sexual Intercourse with a Child, Indecent Assault Person Less than 13 Years of Age, two counts of Corruption of Minors, and Unlawful Contact with a Minor. |

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Fernsler v. Swatara Township Police Department, Slip Copy (2024)**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.