# Exhibit P

Channing Bete Company, Inc. v. Greenberg, Not Reported in Fed. Supp. (2021)

2021 WL 4398510
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.

CHANNING BETE COMPANY, INC., Plaintiff,
v.
Mark T. GREENBERG and PATHS Education Worldwide, LLC, Defendants.
Mark T. Greenberg and PATHS Education Worldwide, LLC, Defendants and Third-Party Plaintiffs
v.
PATHS Program Holding, LLC (AZ), PATHS Program, LLC (AZ), LearningSEL, LLC (AZ), PATHS Program Holding, LLC (MA), and LearningSEL, LLC (NJ), Third-Party Defendants.

Case No. 3:19-cv-30032-MGM
|
Signed 09/27/2021

**Attorneys and Law Firms**

Elizabeth S. Zuckerman, Bulkley Richardson & Gelinas, Springfield, MA, Kevin C. Maynard, Bulkley Richardson & Gelinas, Boston, MA, for Plaintiff.

John T. McInnes, McInnes & McLane, LLP, Worcester, MA, Alissa A. Digman, McInnes & McLane, Chicago, IL, Jodi-Ann McLane, McInnes & McLane, LLP, Providence, RI, for Defendant and Third-Party Plaintiff Mark T. Greenberg.

Emily E. Smith-Lee, SLN Law, LLC, Sharon, MA, Jodi-Ann McLane, McInnes & McLane, LLP, Providence, RI, for Defendant and Third-Party Plaintiff PATHS Education Worldwide, LLC.

Elizabeth S. Zuckerman, Bulkley Richardson & Gelinas, Springfield, MA, Kevin C. Maynard, Bulkley Richardson & Gelinas, Boston, MA, for ThirdParty Defendants PATHS Program Holding, LLC (MA), PATHS Program Holding, LLC (AZ), PATHS Program, LLC (AZ), LearningSEL, LLC (NJ), LearningSEL, LLC (AZ).

Jonathan W. Fitch, Fitch Law Partners LLP, Boston, MA, for ThirdParty Defendants PATHS Program Holding, LLC (MA), LearningSEL, LLC (NJ).

MEMORANDUM AND ORDER REGARDING THIRD-PARTY DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY

(Dkt. No. 92)

ROBERTSON, U.S.M.J.

Case 1:25-cv-00002-JPW   Document 6-17   Filed 02/04/25   Page 3 of 5

Channing Bete Company, Inc. v. Greenberg, Not Reported in Fed. Supp. (2021)

I. Introduction

*1 Before the court is the motion of third-party defendants, PATHS Program Holding, LLC (AZ), PATHS Program, LLC (AZ), LearningSEL, LLC (AZ), PATHS Program Holding, LLC (MA), and LearningSEL, LLC (NJ) (collectively, "PPH"), for a protective order to stay discovery until after their pending motions to dismiss the third-party complaints of Mark T. Greenberg, Ph.D. and PATHS Education Worldwide ("PEW") (now SEL Worldwide) (collectively, "Third-Party Plaintiffs"). The case has been referred to the undersigned for pretrial management and the motions to dismiss have been referred for report and recommendation (Dkt. No. 111). See 28 U.S.C. § 636(b)(B). For the reasons that follow, PPH's motion for a stay of discovery is GRANTED as to both Third-Party Plaintiffs and will expire on the later of: (1) fifteen days from the issuance of this court's report and recommendation on PPH's motions to dismiss the Third-Party Plaintiffs' complaints if there are no objections to the report and recommendation(s); or (2) if a party objects to a report and recommendation, the date on which the presiding District Judge issues his ruling on the objections if he adopts the report and recommendation.

II. Relevant Factual and Procedural Background

Familiarity with the complex facts of the case is assumed. Channing Bete Company, Inc. ("CBC") filed suit against Dr. Greenberg and PEW on March 7, 2019, claiming that Dr. Greenberg and PEW had tortiously interfered with CBC's business relations, infringed on CBC's trademark, and breached non-disclosure confidentiality agreements, that Dr. Greenberg breached a non-compete agreement and violated Mass. Gen. Laws ch. 93A, and that PEW breached its trademark license agreement with CBC (Dkt. Nos. 1, 30). Dr. Greenberg and PEW asserted counterclaims against CBC (Dkt. No. 36, 37). On August 6, 2021, CBC, Dr. Greenberg, and PEW stipulated to the dismissal, with prejudice, of the claims and counterclaims between CBC, Dr. Greenberg, and PEW (Dkt. No. 124).

In his third-party complaint against PPH, Dr. Greenberg claims that CBC could not lawfully assign licenses to works he copyrighted to PPH without his consent and that PPH's calculations of his royalty payments are inaccurate (Dkt. No. 59 ¶¶ 125-128, 142-147). For its part, PEW's third-party complaint against PPH alleges that while the sale of the licenses was pending and after their sale to PPH, PEW's customers experienced difficulties acquiring curricula and supplies from PPH MA (Dkt. NO. 41 ¶¶ 55, 91). After the sale, individuals associated with PPH purportedly provided false and misleading information to PEW's clients and prospective clients concerning PEW in order to divert training business from PEW to the PPH (Dkt. No. 41 ¶¶ 62-90). On September 4, 2020, PPH moved for a preliminary injunction to enjoin PEW from making any unauthorized use of or reference to the training Mark that was registered with the USPTO on January 8, 2013 (Dkt. No. 74). On July 27, 2021, the presiding District Judge adopted this court's recommendation that PPH's motion for a preliminary injunction be denied (Dkt. No. 119).

IV. Standard

*2 "The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Dicenzo*, 2016 WL 158505, at *1. See *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

Channing Bete Company, Inc. v. Greenberg, Not Reported in Fed. Supp. (2021)

V. Analysis

According to PPH's motion for a protective order to stay discovery, Dr. Greenberg has served requests for production of documents, requests for admissions, and first sets of interrogatories on each of the five PPH third-party defendants (Dkt. No. 93 at 5-6). Contending that their responses will "require the expenditure of an enormous amount of time and resources" and that much, if not all, of the discovery that they are being asked to produce will not be necessary if their dispositive motions are allowed either in full or in part, PPH is seeking to stay discovery pending resolution of its motions to dismiss all counts of the third-party complaints (Dkt. Nos. 92, 93 at 5-7).

A pending dispositive motion may constitute good cause for a stay of discovery. *See, e.g., Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending a decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."). In view of the good cause created by the pending motions to dismiss all claims, holding discovery in abeyance until such time as the rulings on the dispositive motions become final will not unreasonably delay the litigation. *See Dicenzo*, 2016 WL 158505, at *2 ("relatively brief delay" until the disposition of dispositive motions is reasonable).

Dr. Greenberg's third-party complaint alleges that CBC had no right to transfer six PATHS licenses to PPH without his consent. Dr. Greenberg argues that the equities weigh in his favor because, even if the court finds that that the assignments of the copyrights were valid and dismisses the three counts of his third-party complaint that are related to that issue, his contract claim may survive and he will be harmed by the delay in obtaining discovery (Dkt. No. 100 at 5-6). *See* Fed. R. Civ. P. 26(c). However, the possibility that a single claim will survive does not preclude granting a motion for a stay. *See Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, Civil Action No. 15-14188-MLW, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016) ("it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed.").

*3 PEW argues that PPH's request for a stay should be denied because PEW's claims are "riddled with factual disputes" and, therefore, PPH has failed to demonstrate that its motion to dismiss is likely to succeed (Dkt. No. 101 at 8-9). In view of the nature of the claims, PPH has persuasively represented that responding to discovery will be costly. Furthermore, while the initial complaint was filed in March 2019, PEW's third-party complaint against PPH was not filed until May 2020. While the court understands that delaying resolution of the parties' dispute may affect PEW's business, the delay will be limited and PEW's losses would continue even if discovery proceeded because PEW did not seek injunctive relief. If the case remains pending after the court's ruling on PPH's motions to dismiss, the impact of delay can be considered when the discovery schedule is set. On balance, the possible prejudice to PEW of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss.

VI. Conclusion

For the above-stated reasons, PPH's motion for a protective order to stay discovery is GRANTED (Dkt. No. 92). If no objections are filed to this court's reports and recommendations on PPH's motions to dismiss, the stay of discovery will automatically expire fifteen days after the filing of the reports and recommendation(s). If a party objects to a report and recommendation, the stay of discovery will automatically expire upon the issuance of the presiding District Judge's ruling on the motions to dismiss if the District Judge adopts the report and recommendation(s).

It is so ordered.

**Channing Bete Company, Inc. v. Greenberg, Not Reported in Fed. Supp. (2021)**

**All Citations**

Not Reported in Fed. Supp., 2021 WL 4398510

**End of Document**                                                                 © 2025 Thomson Reuters. No claim to original U.S. Government Works.