UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situation<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC<br><br>Defendant. | C.A. NO. 1:25-cv-00002-YK<br>Judge: Hon. Jennifer P. Wilson |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUOTEWIZARD.COM, LLC'S MOTION TO BIFURCATE DISCOVERY**

Defendant QuoteWizard.com, LLC ("QuoteWizard") moves pursuant to Federal Rule of Civil Procedure 16(b)(4) for entry of an order phasing discovery.

In order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claims, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims; (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed; and (3) if any class is ultimately certified, merits discovery for the class.

I.      **INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff Leon Weingrad ("Plaintiff") filed his complaint on January 2, 2025 ("Complaint"). *See* ECF 1. QuoteWizard files this motion contemporaneously with its Motion to Stay Discovery and Motion to Compel Arbitration.

In the event the Motion to Compel Arbitration is denied, QuoteWizard respectfully proposes a phased approach to discovery in light of the unique circumstances of this lawsuit. In the initial phase, discovery will be narrowly tailored to determine whether Leon Weingrad ("Plaintiff") possesses a valid individual claim against QuoteWizard. If warranted, the second phase would address broader issues of commonality to evaluate the potential for class certification. A third and final phase—only if necessary—would allow for the exploration of the individual merits of each certified class member's claims. This structured approach ensures efficiency, focus, and fairness in the discovery process.

Good cause supports phasing discovery in this manner as it allows the Court to address the merits of Plaintiff's individual claims at the outset, potentially avoiding the unnecessary burden of class discovery if those claims are meritless. This approach is particularly critical in Telephone Consumer Protection Act ("TCPA") cases, where plaintiffs frequently—improperly and unnecessarily—demand vast amounts of private consumer data for individuals who are not class members at the precertification stage. Such expansive discovery imposes

significant costs on TCPA defendants and creates a tangible risk to consumer privacy, exposing private information without notice or justification. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558- 59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

There is substantial reason to believe this case will not progress beyond the first phase, as this Court is likely to determine that Plaintiff's claims are subject to the arbitration agreement he consented to when agreeing to QuoteWizard's Terms of Use.  Proceeding directly to broad class merits discovery would not only impose undue burdens but also jeopardize the privacy of potentially thousands of consumers who have neither asserted claims against QuoteWizard nor received illegal calls.  Such unwarranted intrusions are both unnecessary and avoidable with a phased approach.

Additionally, due process mandates that QuoteWizard be afforded the opportunity to conduct discovery tailored to the actual claims asserted by members of any final certified class.  The Federal Rules of Civil Procedure governing class certification underscore the importance of resolving certification issues as early as practicable to uphold due process principles. *See* Fed. R. Civ. P. 23.   Phased discovery ensures compliance with these rules, protects consumer privacy, and

avoids imposing unnecessary costs and burdens until the viability of Plaintiff's claims is established.

Accordingly, QuoteWizard submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accord with Federal Rule of Civil Procedure 23.

## II.  STATEMENT OF QUESTION INVOLVED

**Question:** In the event QuoteWizard's motion to dismiss is denied, should discovery be conducted in three separate phases: (1) discovery into Plaintiff's individual claims; (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed; and (3) if any class is ultimately certified, merits discovery for the class?

*Suggested Answer: Yes.*

## III.  LEGAL STANDARD

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

District courts have "broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *See Fouad v. Milton Hershey Sch. & Tr.*, 1:19-CV-253, 2020 WL 3265245, at *4 (M.D. Pa. June 17, 2020).[1] Further, courts "enjoy broad discretion" with respect to bifurcating discovery. *Conner v. Perdue Farms, Inc.*, CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013)(granting motion to bifurcate discovery); *Bandai America Inc. v. Bally Midway Mfg. Co.,* 775 F.2d 70, 74 (3d Cir.1985) (holding that bifurcation orders and orders controlling order of discovery are reviewed for abuse of discretion). This includes discretion "to tailor discovery narrowly." *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). When exercising this discretion, courts are mindful of the proportionality considerations articulated in Rule 26(b)(1). *In re Diisocyanates Antitrust Litig., MC 18-1001, 2020 WL 7427040, at *1 (W.D. Pa. Dec. 18, 2020)*; *see also* Fed. R. Civ. P. 26(b)(2)(C). Courts must "balance the burden or expense of the requested discovery with its likely benefit." *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, 19-CV-513, 2021 WL 4037857, at *6 (E.D. Pa. Sept. 3, 2021).

Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense, and the claims may be resolved on issues that

---

[1]Referenced unpublished decisions are attached hereto as Exhibits A-Q.

require only limited or targeted discovery. *Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at *1 (D. Mass. Mar. 3, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)).

## IV. ARGUMENT

Dividing discovery into three distinct phases will enable the Court to address substantive threshold issues central to Plaintiff's claims before the parties undertake extensive class discovery. This structured approach ensures that the litigation progresses efficiently and that resources are not wasted on premature or unnecessary discovery. By resolving foundational questions about the validity of Plaintiff's individual claim in the first phase, the Court can avoid the significant burdens and costs associated with class discovery if the individual claim lacks merit. This measured process promotes judicial economy and fairness while safeguarding against unnecessary intrusion into the privacy of non-parties.

### A. Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the

parties' and the court's resources. pre-certification discovery concerning merits issues largely should be limited to determining whether class certification requirements can be met. See *MacLean v. Wipro Ltd.*, CV2003414GCJBD, 2023 WL 3742832, at *4 (D.N.J. May 31, 2023); *Conner v. Perdue Farms, Inc.*, CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *4 (D.N.J. Nov. 7, 2013)(bifurcating discovery as "the scope of discovery in a litigation on behalf of one or two individuals will likely be narrower than discovery in a litigation on behalf of a class."); *Osidi*, 2022 WL 623733, at *1 (bifurcating discovery, noting that the need for class discovery may be eliminated if defendant is able to demonstrate that the plaintiff lacks viable individual claims.); *Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that the named plaintiff's claims fail or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. *See Conner,* 2013 WL 5977361, at *4. In *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2

(D. Mass. Feb. 27, 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id*. at *6. "Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims..." *Id.*; *see also Gottlieb v. Amica Mut. Ins. Co.*, No. CV 20-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL10674767 at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps. . . entirely forego class-wide discovery, saving resources and expense on all sides").

Plaintiff does not stand to suffer prejudice should this Motion be allowed. Upon notice of the instant action, QuoteWizard put into place a litigation hold and is preserving any and all records related to this action and Plaintiff's records accordingly. QuoteWizard will, however, be prejudiced should the Court deny this Motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual claims, as QuoteWizard would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiff's claims are inevitably dismissed as meritless. *See Katz*, 2019 WL 957129 at *1 (acknowledging that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment or trial) (internal citations omitted); *see Osidi*, 2022 WL 623733 at *2 ("where [d]efendant has raised potentially dispositive issues, it would be prudent to test the merits of Plaintiff's allegations before engaging in costly class discovery.") (internal citations omitted). Plaintiff will have succeeded in engaging QuoteWizard and this Court in burdensome class discovery when his underlying individual allegations are without merit. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

**B.     If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because**

### It Would Permit the Court to Determine the Propriety of Class Certification Early.

In the event the motion to compel arbitration is denied, QuoteWizard respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case).  Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266-CVE-MJX, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017); *see Nazario v. Sharinn & Lipshie*, P.C., No. 219CV04604SDWSCM, 2020 WL 205896, at *1 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency"); *Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 WL 2154437, at *1 (E.D. Cal. May 22, 2014) (bifurcating discovery "to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claim").  In deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial

economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (internal quotations omitted). Similarly, economy favors bifurcation of merits and certification discovery, "as the limited statutory damages available to Plaintiff are likely an insufficient motivation to litigate in the absence of class certification." *Id*. Thus, should the Court deny class certification, Plaintiff would have little incentive to continue the pending litigation.

Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court. To be

11

absolutely clear, certification discovery would include all evidence necessary for Plaintiff to prove the requirements of Rule 23 can be shown. But it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding QuoteWizard's do not call practices and policies. But he would not be permitted to obtain a list of all individuals who may have requested that calls cease. Similarly, he might inquire regarding which numbers the messages came from but would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. Once the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified, produced and analyzed ahead of trial.

Thus, good cause exists to phase class certification discovery versus class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until a class is certified.

## V.     **CONCLUSION**

For the foregoing reasons, QuoteWizard respectfully requests that the Court enter an Order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 16(b)(4) and 42(b).

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Elyse Cohen*
Elyse N. Cohen (PA Bar Id. No. 320787)
Elyse.Cohen@nelsonmullins.com
Kevin Polansky (*Pro Hac Vice* forthcoming)
kevin.polansky@nelsonmullins.com
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(610) 943-5354

*Counsel for Defendant QuoteWizard.com LLC*

Dated: February 4, 2025

## CERTIFICATE OF CONCURRENCE

This Motion is made following the conference of counsel pursuant to L.R. 7-1, on February 3, 2025, via email where concurrence was denied by Plaintiff's counsel.

Dated: February 4, 2025                           */s/ Elyse Cohen*
                                                                   Elyse Cohen

## CERTIFICATE OF WORD COUNT COMPLIANCE

This Motion complies with Local Rule 7.8(b), it contains 2,828 words.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated:      February 4, 2025                       */s/ Elyse Cohen*