# EXHIBIT M

Case 1:25-cv-00002-JPW   Document 7-14   Filed 02/04/25   Page 2 of 3

Horton v. Southwest Medical Consulting, LLC, Not Reported in Fed. Supp. (2017)

2017 WL 5075928
Only the Westlaw citation is currently available.
United States District Court, N.D. Oklahoma.

Dr. Sam Lebarre HORTON, Plaintiff,
v.
SOUTHWEST MEDICAL CONSULTING, LLC, et al., Defendants.

Case No. 17-CV-0266-CVE-mjx
|
Signed 08/14/2017

**Attorneys and Law Firms**

James A. Streett, Streett Law Firm, P.A., Russellville, AR, Jason Bjorn Aamodt, Indian and Environmental Law Group, PLLC, Tulsa, OK, Joey Paul Leniski, Jr., Branstetter, Stranch & Jennings, PLLC, Nashville, TN, for Plaintiff.

Bryan Joseph Wells, Conner & Winters LLP, Ryan S. Wilson, Wilson Law Firm, Oklahoma City, OK, Daniel P. Guillory, Errol J. King, John B. Davis, Baker Donelson Bearman Caldwell & Berkowitz PC, Baton Rouge, LA, Jason Alan McVicker, Mary Quinn-Cooper, Michael Franklin Smith, McAfee & Taft, Tulsa, OK, for Defendants.

**ORDER**

CLAIRE V. EAGAN, UNITED STATES DISTRICT JUDGE

**\*1** Now before the Court is the parties' Joint Status Report (Dkt. # 43). This case arises from an allegedly unsolicited facsimile (fax) transmission. Plaintiff filed a class action complaint alleging that defendants committed common law conversion and violated the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (TCPA), by sending an unsolicited fax that failed to include an opt-out provision. Dkt. # 2, at 32-34. Plaintiff defines the purported class as follows:

> All persons, natural or otherwise, in the United States and its territories who were successfully sent one or more facsimile transmissions advertising the SoonerCare healthcare provider network being offered by Molina Healthcare, Inc. During the period from four years prior to the filing of this Complaint through the present.

Id. at 18. In the Joint Status Report, defendants ask the Court to bifurcate class certification and merits discovery. Dkt. # 43, at 6. Plaintiff objects, arguing that the two issues are "intermingled." Id.

Courts often bifurcate discovery in class action cases for the sake of efficiency. See, e.g., Doe v. Unified Sch. Dist. No. 259, No. 05-1151-JTM, 2007 WL 1796202, at \*1 n.6 (D. Kan. June 19, 2007). However, discovery bifurcation is not always more efficient. For example, bifurcation may be less efficient in cases where the merits/class discovery distinction is muddled or "cases that are large and likely to continue even if not certified." Gonzalez v. Pepsico, Inc., No. 06-2163-KHV, 2007 WL 1100204, at \*3 (D. Kan. Apr. 11, 2007).

In this case, the Court agrees with defendants that bifurcation will be more efficient because class certification discovery should be straightforward and distinguishable from merits discovery. The parties will first have a short period of discovery

**Horton v. Southwest Medical Consulting, LLC, Not Reported in Fed. Supp. (2017)**

for issues related to class certification, during which plaintiff may inspect the fax machine(s) used to send the alleged unsolicited faxes and any transmission history. Additionally, the parties may conduct depositions of one Rule 30(b)(6) witness of each defendant on issues related to class certification only. After this phase of discovery, plaintiff may file a motion for class certification or a notice of intent not to proceed with class certification. If necessary, the Court will enter a scheduling order related to merits discovery after ruling on any class certification motion.

**IT IS THEREFORE ORDERED** that the following scheduling order is hereby entered:

| | |
|---|---|
| Class Certification Discovery Cutoff: | October 31, 2017 |
| Motion for Class Certification: | November 15, 2017 |
| Response Briefs: | November 29, 2017 |
| Reply Brief: | December 6, 2017 |

**All Citations**

Not Reported in Fed. Supp., 2017 WL 5075928

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.