2025 WL 66689
Only the Westlaw citation is currently available.
United States District Court,
N.D. Alabama, Middle Division.

Michael CONRAD, Plaintiff,
v.
CAMPING WORLD
HOLDINGS INC., Defendant

Case No. 4:24-cv-171-CLM
|
Signed January 9, 2025

**Attorneys and Law Firms**

James Matthew Stephens, Methvin, Terrell, Yancey, Stephens & Miller, P.C., Birmingham, AL, Anthony Paronich, Pro Hac Vice, Paronich Law, PC, Hingham, MA, Michael Lewis Greenwald, Pro Hac Vice, Greenwald Davidson Radbil PLLC, Boca Raton, FL, for Plaintiff.

Katherine T. Powell, Sarah Elizabeth Rawls, Butler Snow LLP, Birmingham, AL, for Defendant.

## ORDER

COREY L. MAZE, UNITED STATES DISTRICT JUDGE

 **\*1** Michael Conrad sues Camping World Holdings, Inc. ("CWH") for sending him unwanted text messages. CWH says that Conrad agreed to receive the messages and to arbitrate any dispute about them. CWH thus asks the court to compel arbitration. (Doc. 16). As explained within, the court **DENIES** CWH's motion to compel arbitration because CWH fails to show that Conrad agreed to the arbitration provision. But the court would allow CWH to refile the motion if CWH obtains such evidence during the normal discovery process.

## BACKGROUND

CWH is a national outdoor retailer who sells several products, such as recreational vehicles, vehicle parts, and various camping supplies. CWH operates through its numerous brick and mortar retail locations and online website, www.campingworld.com.

1. *The text service*: CWH also sends customers recurring promotional text messages about CWH products. To sign up for this service, CWH customers are required to complete a 'double-opt-in' process. First, the customer clicks or touches the button on a pop-up advertisement, thus opening the customer's text messaging application with a pre-populated message. Second, the customer replies to CWH with the pre-populated message to confirm his opt-in. Once a customer has opted-in, CWH sends two confirmatory texts. To opt out of this service, customers can reply "STOP" via text message. The terms of CWH's recurring text service contain the following arbitration provisions:

> You and Camping World agree that any dispute arising out of or in any way related to these messaging terms and conditions ("Messaging Terms") or your receipt of text messages from Camping World or its service providers will be resolved by binding arbitration.

> This agreement to arbitrate disputes includes all claims arising out of or in any way related to these Messaging Terms, or your receipt of text messages from Camping World or its service providers whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, and regardless of when a claim arises.

(Doc. 16-9, p. 2).

2. *The -8185 number*: On January 20, 2022, someone completed the double-opt-in process for the phone number 256-XXX-8185 by responding to CWH with the pre-populated text.

Michael Conrad says that 256-xxx-8185 became his personal cell phone number on September 4, 2023, when he was randomly assigned the number by Family Mobile. (Doc. 18-1). Conrad says that he registered the -8185 number on the National Do-Not-Call Registry ("DNC Registry") later that month.

Conrad says that even though he never opted-in to CWH's text messaging service, and he put the -8185 number on the DNC Registry, CWH sent him multiple text messages at the -8185 number. Conrad opted-out of the message service in December 2023 and later sued CWH for violating the Telephone Consumer Protection Act ("TCPA"). CWH now asks the court to send Conrad's claim to arbitration.

**STANDARD OF REVIEW**

The court should treat motions to compel arbitration like motions for summary judgment. *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014). Summary judgment is appropriate only when the moving party shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it is one that might affect the outcome of the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). And all evidence must be viewed and inferences drawn in the light most favorable to the nonmovant. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

**DISCUSSION**

 *2 No one disputes that, if Conrad agreed to the terms of CWH's recurring text service, then the Federal Arbitration Act ("FAA") would require this court to compel arbitration of Conrad's claim. *See* 9 U.S.C. § 2 (an arbitration provision in a "contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable")

Instead, CWH's motion boils down to a fact question: Did Conrad or someone else opt in to CWH's recurring text service on January 20, 2022? And "while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an arbitration agreement has been made." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (citing *Dasher v. RBC Bank*, 745 F.3d 1111, 1116 (11th Cir. 2014)). The court's decision as to whether an arbitration agreement exists is simply a matter of contract. *Bazemore*, 827 F.3d at 1329.

Under Alabama law, "[w]hen a competent adult ... signs a contract, [they] will be held to be on notice of all the provisions contained in that contract and will be bound thereby." *Ex Parte Brown*, 26 So. 3d 1222, 1227 (Ala. 2009). But the flip side is also true: if the adult did not sign or otherwise enter the contract, he cannot be bound by its terms.

In his complaint, Conrad pleaded that he started using the -8185 number in September 2023 and placed it on the DNC Registry on September 26, 2023. (Doc. 1-1, ¶¶ 8-11). After CWH filed its motion, which asserted that Conrad opted the -8185 number into the CWH text service in January 2022, Conrad produced an affidavit in which he said it was "impossible for me to have sent a text message from 256-xxx-8185 in January 2022 because that telephone number was not mine at the time[.]" (Doc. 18-1, ¶ 23). To support his assertion, Conrad produced a screenshot of his wireless account that suggests Conrad was indeed assigned the -8185 number on September 4, 2023:

| 09/04/2023 | ACTIVATION |
|---|---|
| Transaction Type | ACTIVATION |
| Order ID | ██████8865 |
| Date | 09/04/2023 |
| Service Plan | $39.88 40GB 30-Day Pl |
| Phone number | (256) ███ 8185 |

(Doc. 18-1, p. 7).

Rather than produce evidence that suggests Conrad controlled the -8185 number in January 2022 (when someone opted-in to CWH's text service), CWH responded with Lexis and Westlaw search results that suggest the -8185 number belonged to either Norma Atchley or Jacob Blair starting in April 2022 and going through April 2024. (Docs. 19-1, 19-2). Whatever these search results might show or suggest, they provide no competent evidence that *Conrad* agreed to opt the -8185 number into CWH's text service in January 2022. And without any evidence that could prove Conrad agreed to CWH's arbitration provision as part of the opt-in process, CWH cannot show the parties had a meeting of the minds about arbitrating claims related to the CWH text message service.

**CONCLUSION**

For these reasons, the court **DENIES** CWH's motion to compel arbitration because CWH cannot show that Conrad agreed to the arbitration provision. This denial is without prejudice, meaning that the court will allow CWH to re-file a motion to compel arbitration if it discovers evidence

that Conrad opted-into CWH's text messaging service during the normal discovery process. In that limited circumstance, the court would find that CWH has not waived arbitration because CWH was not litigating in a manner that is "inconsistent with an intent to arbitrate." *In re Checking Account Overdraft Litigation*, 754 F.3d 1290, 1294 (11th Cir. 2014) (discussing the elements for waiver of arbitration).

**\*3**  **DONE** and **ORDERED** on January 9, 2025.

**All Citations**

Slip Copy, 2025 WL 66689

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.